# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

DEBRA VINSON,
          Appellant,

v.

UNITED STATES POSTAL SERVICE,
          Agency.

DOCKET NUMBER
CH-0752-15-0593-I-1

DATE: October 24, 2016

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Shaun Yancey, Esquire, Atlanta, Georgia, for the appellant.

James E. Campion, Jr., Esquire, Philadelphia, Pennsylvania, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1 The appellant has filed a petition for review of the initial decision, which dismissed for lack of jurisdiction her appeal of an alleged involuntary retirement. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. See 5 C.F.R. § 1201.117(c).

the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.  *See* title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115).  After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review.  Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision.  5 C.F.R. § 1201.113(b).

¶2        The following facts are undisputed.  The appellant began working for the U.S. Postal Service (agency) in 1975.  Initial Appeal File (IAF), Tab 7 at 42.  She became a career employee in 1988 and was enrolled, erroneously, in the Federal Employees' Retirement System (FERS).  *Id*. at 16.  In 1997, following notification that she should have been placed in the Civil Service Retirement System (CSRS) Offset, the appellant elected to be covered under FERS.  *Id*. at 17-19.  In 2006, the Office of Personnel Management (OPM) allowed the appellant an additional opportunity to choose between the CSRS Offset and the FERS retirement plans.  *Id*. at 21-22.  OPM's election letter included retirement estimates for FERS and CSRS Offset.  *Id*. at 24-31.  The appellant elected FERS coverage on October 18, 2006.  *Id*. at 32.

¶3        On June 27, 2008, the agency sent the appellant an annuity estimate indicating that if she were to retire with 30 years and 9 months of service on December 1, 2009, she would receive a monthly benefit of $1,677, or $1,509 if she chose a survivor benefit.  *Id*. at 34-37.  The appellant retired on June 30, 2009, with 34 years and 1 month of service, and she selected a reduced FERS annuity for maximum survivor benefit for her spouse.  *Id*. at 38, 43-44; IAF, Tab 8 at 66.  After the appellant retired, OPM determined the rate of the

appellant's monthly annuity under FERS was actually $1,821. IAF, Tab 8 at 75. The appellant challenged this calculation, and OPM issued a final reconsideration decision finding that OPM properly calculated her annuity based on her irrevocable election of FERS coverage and her years of service. *Id*. at 64-65.

¶4        The appellant filed a Board appeal challenging OPM's reconsideration decision, which the Board dismissed as untimely. *See Vinson v. Office of Personnel Management*, MSPB Docket No. CH-0841-15-0446-I-1. During that appeal, she alleged that she retired due to misleading information that she received from the agency. IAF, Tab 1 at 1-2. The Board subsequently docketed the instant involuntary retirement appeal against the agency. *Id*.

¶5        Without holding a hearing, the administrative judge issued an initial decision dismissing the appeal for lack of Board jurisdiction. IAF, Tab 15, Initial Decision (ID) at 1. The administrative judge found that the Board has no jurisdiction over the appellant's appeal of her alleged involuntary retirement because she failed to make a nonfrivolous allegation that her retirement was the result of agency misinformation. ID at 7.

¶6        The appellant filed a petition for review of the initial decision. Petition for Review (PFR) File, Tab 1. The appellant argues on review that she did, in fact, raise a nonfrivolous allegation that her retirement was rendered involuntary based on misinformation provided by the agency. *Id*. at 11-77. The agency responded in opposition to her petition for review, and the appellant replied. PFR File, Tabs 3-4.

¶7        A retirement is presumed to be a voluntary act and, therefore, beyond the Board's jurisdiction. *See Heining v. General Services Administration*, 68 M.S.P.R. 513, 519 (1995); *see als*o 5 C.F.R. § 752.401(b)(9). A retirement is involuntary if it is obtained by agency misinformation or deception. *Covington v. Department of Health & Human Services*, 750 F.2d 937, 942 (Fed. Cir. 1984). The misleading information can be negligently or even innocently provided; if the employee materially relies on such misinformation to her detriment, based on an

objective evaluation of the circumstances, her retirement is considered involuntary. *Id.* A decision based on misinformation or lack of information cannot be binding as a matter of fundamental fairness and due process. *Id.* at 943. Misleading statements upon which an employee reasonably relied to her detriment are sufficient to render an action involuntary. *See Moriarty v. Office of Personnel Management*, 47 M.S.P.R. 280, 287 (1991), *aff'd*, 989 F.2d 1202 (Fed. Cir. 1993) (Table).

¶8  If the appellant makes nonfrivolous allegations of fact that, if proven, could establish jurisdiction over her involuntary retirement appeal, then she is entitled to a hearing on jurisdiction. *Garcia v. Department of Homeland Security*, 437 F.3d 1322, 1344 (Fed. Cir. 2006) (en banc). A nonfrivolous allegation of Board jurisdiction is an allegation of fact which, if proven, could establish a prima facie case that the Board has jurisdiction over the matter at issue. *Deines v. Department of Energy*, 98 M.S.P.R. 389, ¶ 11 (2005).

¶9  On review, the appellant reasserts her allegation that her retirement was involuntary because she relied on material misinformation provided by the agency in an August 22, 2008 document stating an estimated monthly CSRS retirement annuity amount of $3,259, which is more than the $1,821 monthly FERS annuity ultimately determined by OPM. PFR File, Tab 1 at 7, 14-15. The appellant alleges that the agency sent "numerous documents with mistakes in the past," and that she was not surprised to find errors in the August 22, 2008 annuity estimate. PFR File, Tab 4 at 5. The appellant also alleges that she informed the agency that "a significant amount of the identifying information" on the August 2008 annuity estimate was incorrect and that she requested corrected documentation. *Id.* The appellant further alleges that she received an October 2008 annuity estimate and that after the agency asked her to disregard the October estimate, she assumed that the August 22, 2008 estimate was correct. *Id.*

¶10  Assuming these allegations to be true, we find that the appellant's alleged reliance on the August 22, 2008 annuity estimate was not reasonable, considering

that the personally identifiable information on the face of that document did not apply to her.[2]  IAF, Tab 8 at 174.  The administrative judge properly found that the appellant did not allege sufficient facts to show that her reliance on the August 2008 annuity estimate was reasonable, or that the information therein was material, because the annuity estimate did not display the appellant's name or otherwise suggest that document was created with reference to her.  ID at 4-5.

¶11     In reaching his decision, the administrative judge specifically noted that the appellant acknowledged that the birth date, social security number, and retirement eligibility date on the August 22, 2008 document did not match her personally identifiable information.  ID at 5; IAF, Tab 5 at 6.  The administrative judge also noted that the August 2008 document estimated an annuity for an individual earning $60,053 and serving in an EAS-17 position not covered under FERS but the appellant was a craft employee covered under FERS and her final salary when she retired was $57,123.  ID at 5; IAF, Tab 11 at 4; Tab 8 at 174.  We agree with the administrative judge that the appellant failed to allege sufficiently detailed facts to support finding that an individual would be misled reasonably by the August 22, 2008 annuity estimate that the appellant submitted into the record.  ID at 4-5.  The appellant's arguments on review present no reason to disturb this finding.

¶12     On review, the appellant also reasserts her allegation that she received misleading information from the agency on or about September 8, 2006, estimating her monthly annuity under FERS as $2,350, based on 30 years and 11 months of service.  PFR File, Tab 4 at 5; IAF, Tab 6 at 5.  The administrative

---

[2] "The term 'personally identifiable information' refers to information which can be used to distinguish or trace an individual's identity, such as their name, social security number, biometric records, etc. alone, or when combined with other personal or identifying information which is linked or linkable to a specific individual, such as date and place of birth, mother's maiden name, etc."  Office of Management and Budget (OMB) Memorandum M-14-06, Safeguarding Against and Responding to the Breach of Personally Identifiable Information, May 2007, *available at* http://www.whitehouse.gov/omb/memoranda/fy2007/m07-16.pdf.

judge found that the appellant failed to provide documentation to support her allegation and that she did not dispute receiving retirement information in September stating that her FERS annuity would be $1,670, which is lower than the $1,821 per month that OPM ultimately determined to be correct. ID at 5-6. The agency made the same argument on review. PFR File, Tab 3 at 5.

¶13    We note that the agency file includes a copy of a September 13, 2006 document addressed to the appellant from OPM, with an attached October 17, 2006 monthly annuity estimate of $2,350 calculated under FERS based on 30 years and 11 months of service.[3]  IAF, Tab 7 at 21, 24.  However, this evidence does not require a different result in this case because the appellant alleged that she based her retirement decision entirely on the agency's August 2008 annuity estimate. PFR File, Tab 1 at 8; Tab 4 at 5; IAF, Tab 5 at 6, 11; Tab 6 at 5-6. We further find that the appellant's remaining arguments on review provide no basis for reversing the initial decision dismissing her appeal for lack of jurisdiction.

### NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit.  You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

---

[3] To the extent that the administrative judge found otherwise, he erred in this regard. PFR File, Tab 1 at 15; ID at 5-6. However, we find no reason to disturb the initial decision because the administrative judge's error does not affect the outcome of this appeal. *See Panter v. Department of the Air Force*, 22 M.S.P.R. 281, 282 (1984) (finding that an adjudicatory error that is not prejudicial to a party's substantive rights provides no basis for reversal of an initial decision).

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right. It is found in title 5 of the U.S. Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the U.S. Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:             _____
                           Jennifer Everling
                           Acting Clerk of the Board

Washington, D.C.